THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSIE LEE, Defendant-Appellant.

Third District   No. 3—91—0335

Opinion filed April 27, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet, and Howard R. Wertz, of Lynwood (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a combined suppression hearing and bench trial, the defendant, Jessie Lee, was convicted of unlawful possession of cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(a)(2)). He was sentenced to three years' probation, conditioned upon his serving 180 days in the county jail. A $1,730 street-value fine was also imposed. The defendant appeals his conviction.

The record reveals that at approximately 10:02 p.m. on August 16, 1990, police officer John Perona and his partner, Jay Sanders, were on patrol, when they heard a dispatch about gunshots being fired in the 1300 block of Arthur Avenue. Shortly afterward, the dispatcher reported that Joe Lee was a suspect in the shooting.

Officer Perona had had a previous run-in with Joe Lee and knew that he lived with his brother, the defendant. As the officers approached the Lees' home in their unmarked squad car, they observed a van driving away from the area. They recognized the driver of the van as the defendant, Jessie Lee. They also saw a passenger slouched down in the seat of the van, but were unable to identify Joe Lee as

the passenger. Officer Sanders testified that it looked as though the passenger was ducking down to make himself look shorter and possibly to hide his face.

Officers Perona and Sanders followed the van for a while and then pulled it over for the purpose of determining whether the passenger was Joe Lee. As the officers approached the van, they looked inside to check for weapons. In doing so, they noticed a plastic bag containing cocaine, located between the driver's seat and the console. The defendant was arrested, as was the passenger, who was subsequently identified as Milton Young. A search of the vehicle turned up not only the cocaine originally spotted by the officers, but also additional cocaine in an armrest compartment on the passenger side of the van, and on the person of Young. However, the police never asked the defendant where his brother was.

The only issue raised on appeal is whether the trial court erred in denying the defendant's motion to suppress. The defendant submits that the stop of his van was unlawful because it was based upon the mere hunch that his brother might be inside. See *People v. Pantoja* (1989), 184 Ill. App. 3d 671, 540 N.E.2d 892.

■ Police may make investigatory stops of private citizens even though there is no probable cause to make an arrest. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) However, to justify the stop, the police officer must be able to point to specific, articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) The reasonableness of a stop involves a balancing of the public's interest and the individual's right to personal security free from arbitrary interference by law officers. (*People v. Smithers* (1980), 83 Ill. 2d 430, 415 N.E.2d 327.) A trial court's findings on a motion to suppress will not be reversed unless they were manifestly erroneous. *People v. Bolar* (1990), 205 Ill. App. 3d 597, 563 N.E.2d 1225.

■ In the instant case, the stop was not arbitrary and the facts buttress the reasonableness of the officers' belief that an immediate stop was necessary. (See *People v. Smithers* (1980), 83 Ill. 2d 430, 415 N.E.2d 327.) A shooting had recently taken place. In the course of the police officers' search for the shooting suspect, they spotted the defendant's van driving away from the shooting suspect's home. They recognized the defendant and knew he was the brother of the shooting suspect. The police also spotted another man in the defendant's van who appeared to be trying to hide. Although we are bothered by the fact that the police officers never asked the defendant whether he

knew where his brother was, given the facts of this case, we are unable to conclude that the trial court's denial of the motion to suppress was manifestly erroneous.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.